IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VALESKA ROWLAND                                                    PLAINTIFF

      v.                             CIVIL 11-5174

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Valeska Rowland, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on June 19, 2008, alleging an inability to work since February 5, 2008, due to an anxiety disorder, depression, body aches, fatigue, insomnia, nausea, panic attacks, suicidal tendencies, and lack of appetite. (Tr. 135, 140, 162). An administrative hearing was held on December 7, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 36-68).

By written decision dated April 15, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: depression, anxiety, and a benzo opiate addiction. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16-17). The ALJ found that when considering all of Plaintiff's impairments, including her substance use disorder, Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work with only routine, repetitive, non-complex simple instructions, learned by rote, with few variables and with superficial contact with the public and co-workers. She requires supervision that is concrete, direct and specific. In addition, when the claimant is abusing drugs, she would require unscheduled breaks, would be absent twice a month and would not be able to sustain a competitive pace for one-third of the workday, work week and work month.

(Tr. 17). The ALJ determined that from Mid-2006, through February of 2009, when including all of Plaintiff's impairments, Plaintiff would be unable to work at any job. (Tr. 20-21).

However, absent Plaintiff's substance use, the ALJ concluded Plaintiff's severe impairments included depression and anxiety. (Tr. 22). The ALJ found Plaintiff's remaining severe impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 22). The ALJ found when Plaintiff stopped the substance use, she maintained the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work with only routine, repetitive, non-complex simple instructions, learned by rote, with few variables and with superficial contact with the public and co-workers. She requires supervision that is concrete, direct and specific.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a janitor, a machine packager, an electronics worker, a small products assembler, and a sewing machine operator. (Tr. 25-26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence, denied that request on June 18, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ

must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

When the Appeals Council has considered material new evidence and nonetheless

AO72A
(Rev. 8/82)

declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council reflects the following. On May 3, 2010, Plaintiff was seen by Dr. Cheryl A. Fulton for a follow-up appointment. (Tr. 661). Plaintiff complained of a sore in her mouth, as well as continued pain in her hands, feet/heels, knees, and right arm. Plaintiff also reported that she had a lump on the palm of her left hand. After examining Plaintiff, Dr. Fulton diagnosed Plaintiff with polyarthralgias with possible Rheumatoid Arthritis, and calcified tendonitis of the left hand. Plaintiff was instructed to avoid repetitive bending of her finger to avoid increasing the pain.

When making the disability determination, the ALJ addressed medical evidence dated March 4, 2010, indicating that Plaintiff met the criteria for Rheumatoid Arthritis. (Tr. 16).

However, the ALJ found that Plaintiff's Rheumatoid Arthritis could not be found disabling because Plaintiff's impairment had not lasted twelve months. While the ALJ is correct in finding that this impairment had not been treated for twelve months, the regulations state that an impairment can be considered if it has lasted twelve months or "can be expected" to last twelve months. 20 C.F.R. § 404.1505. The additional medical evidence submitted to the Appeals Council revealed that Plaintiff continued to have problems associated with polyarthralgias, and that Dr. Cheryl A. Fulton recommended that Plaintiff avoid repetitive bending of her finger on her right hand. There is no indication from the medical records that Plaintiff's polyarthralgias would be resolved in less than twelve months. Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence.

On remand, the ALJ is also directed to address interrogatories to either an examining or non-examining physician, asking that physician to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC, and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV.  Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of November, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE